UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| NOBLE JEROME BEY, a/k/a Jarome Lamar Jointer[1] | ) ) ) |
| Petitioner, | ) ) Case No. 5:26-cv-00074-GFVT |
| v. | ) ) **MEMORANDUM OPINION** |
| SCOTT COLVIN, JAILER, | ) **&** ) **ORDER** |
| Respondent. | ) ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Noble Jerome Bey is a pretrial detainee confined at the Fayette County Detention Center in Lexington, Kentucky. Currently pending against Bey in the Circuit Court of Fayette County, Kentucky, are criminal charges involving drug possession, drug trafficking, evidence tampering, promoting contraband, receiving stolen property, and being a felon in possession of a firearm.[2]

Bey has filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* [R. 1]. Bey contends that law enforcement officers fabricated evidence and arrested him without probable cause, and that the prosecution has failed to turn over exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He seeks immediate release from custody and dismissal of the charges against him. *See id*. at 2-5.

---

[1] In a prior case before the Court, Bey acknowledged that he is also known as Jarome Lamar Jointer. *See Bey v. Robert F. Stephens Circuit Court*, No. 5: 19-CV-316-JMH (E.D. Ky. 2019) [R. 1 therein at 1]. *See also Commonwealth v. Bey*, No. 25-CR-156 (Fayette Cir. Ct. 2025) (the "Criminal Action"). The docket for the Criminal Action can be viewed online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=25-CR-00156&caseTypeCode=CR&client_id=0 (accessed 5 March 2026). The Clerk will be directed to modify the docket to so reflect.

[2] In addition to the pending charges in the first Criminal Action, *see also Commonwealth v. Bey*, No. 23-CR-652-01 (Fayette Cir. Ct. 2023). The docket for that case can be viewed online at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division=CI&caseNumber=23-CR-00652-001&caseTypeCode=CR&client_id=0 (accessed 5 March 2026).

The Court will deny the petition on initial screening. *See* 28 U.S.C. § 2243; *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). Ordinarily a federal court will consider a defendant's challenges to the legality and constitutionality of his or her prosecution only after a full and thorough examination of those claims through the state's review process, including direct appeal and collateral attack. *Klein v. Leis*, 548 F. 3d 425, 430 n.2 (6th Cir. 2008). Therefore "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner," a federal court should abstain from exercising its habeas jurisdiction under § 2241 until after the petitioner exhausts available state court remedies. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). This includes appeal up to and including the state's court of last resort. *See Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021). Section 2241 petitions seeking relief before such state procedures have run their course are typically denied as premature. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-18 (1st Cir. 2000).

In rare circumstances, a person awaiting trial on state criminal charges may obtain federal habeas review under § 2241 prior to judgment. *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012). However, "such claims are extraordinary," *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014), and generally arise in only two circumstances. First, a claim that the state prosecution violates the Double Jeopardy Clause – assuming that the claim has been exhausted – may be considered notwithstanding the abstention principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F. 3d 11, 17-19 (1st Cir. 2000); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Second, a claim that the defendant's right to a speedy trial is being violated may be considered, but only if the petitioner has exhausted his state court remedies and

seeks an order compelling the state to grant him a speedy trial, not dismissal of the charges against him. *Justices of Superior Court*, 218 F.3d at 19; *Atkins*, 644 F.2d at 546; *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011).

Here, Bey's petition does not assert either a speedy trial or double jeopardy claim, and hence he presents no circumstance warranting preemptive federal involvement. Instead, he asserts ordinary claims than can and must be asserted in the Kentucky courts in the first instance. In addition, Bey does not allege that he has made any effort to present these arguments to the Kentucky courts, let alone fully exhaust them. The Court therefore declines to exercise habeas jurisdiction over Bey's claims and will deny the petition.

Accordingly, it is **ORDERED** as follows:

1. The Clerk is **DIRECTED** to add "Jarome Lamar Jointer" as an alternative designation for the petitioner in the docket.
2. The petition [R. 1] is **DENIED**.
3. All pending motions are **DENIED** as moot.
4. This matter is **STRICKEN** from the docket.

This 12th day of March, 2026.

Gregory F. Van Tatenhove
United States District Judge